UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JULIA DAVILA,<br><br>         Plaintiff,<br><br>    vs.<br><br>ERIC H. HOLDER et al.,<br><br>         Defendants. | 2:14-cv-00931-RCJ-CWH<br><br>**ORDER** |

Plaintiff Julia Davila has sued Attorney General Eric Holder, the "District Director" of the U.S. Customs and Immigration Service (the "District Director") and U.S. Attorney for the District of Nevada Daniel Bogden in this Court based on the denial of her application for permanent residence. She alleges to have exhausted her administrative remedies. No Defendant has appeared, and Plaintiff has asked the Court to enter default against Holder and the District Director, but not against Bogden.

The Court denies the motion, as there is no proof of proper service upon Holder or the District Director. In order to serve a federal officer in his or her official capacity, as Plaintiff has sued Defendants here, the plaintiff must serve the United States itself and also send a copy of the summons and complaint by registered or certified mail to the relevant officer. Fed. R. Civ. P. 4(i)(2). In order to serve the United States, the plaintiff must: (1) deliver a copy of the summons

and complaint to the U.S. Attorney in the district where the case is brought (or to a designated assistant U.S. attorney or clerk) or send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the relevant U.S. attorney's office; (2) end a copy of the summons and complaint by registered or certified mail to the Attorney General in Washington, D.C.; and (3) [not applicable here]. Fed. R. Civ. P. 4(i)(1).  Though so entitled in the docket, Plaintiff has adduced no executed summonses but only copies of return receipts (PS Forms 3811) for parcels sent to the District Director in Las Vegas, Nevada, the Attorney General in Washington, D.C., and the Office of Immigration Litigation in Washington D.C.  The return receipts do not themselves indicate whether the parcels were sent via registered mail, certified mail, or only first class mail, but the U.S. Postal Service's website indicates the items sent with these tracking numbers were sent via certified mail.  However, there is no evidence of any service upon U.S. Attorney Bogden.  Service upon him or his designated assistant or clerk is required to complete service upon any of the parties in this case. *See* Fed. R. Civ. P. 4(i)(1)(A).  The Court therefore cannot enter default.  Also, because no party has been properly served within 120 days of the filing of the Complaint, the Court will order Plaintiff to show cause why the Complaint should not be dismissed without prejudice under Rule 4(m).

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Entry of Default (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SHOW CAUSE within fourteen (14) days of the entry of this Order into the electronic docket why the case should not be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated this 29th day of October, 2014.

                                                    _____
                                                      ROBERT C. JONES
                                                 United States District Judge